ATTORNEY FOR APPELLANT
David M. Payne
Ryan & Payne
Marion, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana



FILED
Jan 06 2010, 3:28 pm

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 27S02-1001-CR-5

GARY M. HEVNER,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Grant Superior Court, No. 27D02-0604-FD-72
The Honorable Randall L. Johnson, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 27A02-0808-CR-717

**January 6, 2010**

**Rucker, Justice.**

We consider a claim that the Indiana Sex Offender Registration Act ("the Act") constitutes retroactive punishment forbidden by the Ex Post Facto Clause contained in the Indiana Constitution because it requires the defendant to register as a sex offender, when the Act contained no such requirement at the time the defendant committed the triggering offense.

**Facts and Procedural History**

Between October and November of 2005, Indiana resident Gary M. Hevner downloaded on his computer a number of sexually graphic files depicting children. As a consequence, on April 28, 2006, the State charged Hevner with possession of child pornography as a Class D felony. See Ind. Code § 35-42-4-4. After a three day jury trial that began June 23, 2008, he was convicted as charged. This was Hevner's first offense under the statute. After a hearing on July 21, 2008, the trial court sentenced Hevner to a three-year term which was suspended to time served and placed Hevner on probation for two and one-half years. Among other things the trial court ordered Hevner to register as a sex offender, directed him to undergo a "sex offender assessment and follow recommendations[,]" and declared that Hevner was "subject to the Rules for Sex Offenders as approved by the Grant County Circuit and Superior Courts." Br. of Appellant at 5.

At the time Hevner committed his crime, a person convicted for the first time of possessing child pornography was not considered a sex offender and thus was not required to register as such. See Ind. Code § 5-2-12-4(a)(13) (2005) ("As used in this chapter, 'offender' means a person convicted of . . . [p]ossession of child pornography [ ] if the person has a prior unrelated conviction for possession of child pornography. . . ."). While Hevner was awaiting trial in 2006, the Legislature repealed Ind. Code § 5-2-12-4 and recodified the statute at Ind. Code § 11-8-8-4.5. See Pub. L. No. 140-2006, §§ 13, 41. Effective July 1, 2007 – before Hevner was convicted but after he was charged – the legislature amended the statute to require anyone convicted of possession of child pornography to register as a sex offender regardless of whether the person had accumulated a prior unrelated conviction. See Ind. Code § 11-8-8-4.5(a)(13) (2007) (". . . as used in this chapter, 'sex offender' means a person convicted of . . . [p]ossession of child pornography (IC 35-42-4-4(c))."); see also Ind. Code § 11-8-8-7 (providing among other things, ". . . the following persons must register under this chapter: . . . [a] sex or

violent offender who resides in Indiana . . . ." or "[a] sex or violent offender who works or carries on a vocation or intends to work or carry on a vocation full-time or part-time" for a specified period). Thus, at the time of his conviction, Hevner was required to register as a sex offender.

Hevner appealed contending: (1) the State violated an order in limine during closing arguments, (2) the evidence was insufficient to sustain the conviction, and (3) the registration requirement violated the ex post facto prohibitions of both the Indiana and federal constitutions. The Court of Appeals affirmed the judgment of the trial court in an unpublished memorandum decision. Hevner v. State, No. 27A02-0808-CR-717 (Ind. Ct. App. Mar. 31, 2009). We grant transfer to address Hevner's ex post facto claim. In all other respects we summarily affirm the Court of Appeals' decision.

**Discussion**

The United States Constitution provides that "[n]o State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10. The Indiana Constitution provides that "[n]o *ex post facto* law . . . shall ever be passed." Ind. Const. art. I, § 24. Among other things, "[t]he *ex post facto* prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" Weaver v. Graham, 450 U.S. 24, 28 (1981) (quoting Cummings v. Missouri, 71 U.S. (4 Wall.) 277, 325-26 (1867)). The underlying purpose of the Ex Post Facto Clause is to give effect to the fundamental principle that persons have a right to fair warning of that conduct which will give rise to criminal penalties. Armstrong v. State, 848 N.E.2d 1088, 1093 (Ind. 2006).

Hevner contends that as applied to him the Act violates both the Indiana and federal constitutional prohibitions against ex post facto laws. Recently, in Wallace v. State, we noted that the United States Supreme Court concluded that Alaska's Sex Offender Registration Act, which is very similar to Indiana's Act, did not violate the Ex Post Facto Clause of the United States Constitution. Wallace, 905 N.E.2d 371, 378 (Ind. 2009). We thus proceeded to evaluate Wallace's claim under the Indiana Constitution albeit adopting the same analytical framework

3

the Supreme Court employed to evaluate ex post facto claims under the federal constitution.  Id. at 378.

In evaluating ex post facto claims under the Indiana Constitution we apply what is commonly referred to as the "intent-effects" test.  Id.  Under this test the court must first determine whether the legislature meant the statute to establish civil proceedings.  Id. at 379.  If the intention of the legislature was to impose punishment, then that ends the inquiry, because punishment results.  Id.  If, however the court concludes the legislature intended a non-punitive regulatory scheme, then the court must further examine whether the statutory scheme is so punitive in effect as to negate that intention thereby transforming what was intended as a civil regulatory scheme into a criminal penalty.  Id.

We assume without deciding that when the Legislature amended Ind. Code § 11-8-8-4.5 (2007) requiring first time possessors of child pornography to register as sex offenders, it intended a civil regulatory scheme.  The question is whether the registration requirement is punitive in effect.  As declared in Wallace we examine this issue by applying a seven-factor test: "[1] Whether the sanction involves an affirmative disability or restraint, [2] whether it has historically been regarded as a punishment, [3] whether it comes into play only on a finding of *scienter*, [4] whether its operation will promote the traditional aims of punishment-retribution and deterrence, [5] whether the behavior to which it applies is already a crime, [6] whether an alternative purpose to which it may rationally be connected is assignable for it, and [7] whether it appears excessive in relation to the alternative purpose assigned."  Wallace, 905 N.E.2d at 379 (quoting Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69 (1963)) (alterations in original). No one factor is determinative.  "[O]ur task is not simply to count the factors on each side, but to weigh them."  Wallace, 905 N.E.2d at 379 (quoting State v. Noble, 829 P.2d 1217, 1224 (Ariz. 1992)).

Applying the test we concluded that only factor number six – advancing a non-punitive interest – favored treating the registration requirement as non-punitive.  "The remaining factors,

4

particularly the factor of excessiveness, point[ed] in the other direction." Wallace, 905 N.E.2d at 384. This conclusion is equally applicable here.[1]

As a general rule, a court must sentence a defendant under the statute in effect on the date the defendant committed the offense. Biddinger v. State, 868 N.E.2d 407, 411 n.6 (Ind. 2007).[2] Between October and November of 2005, when Hevner committed the crime of possession of child pornography, only persons convicted of a prior possession offense were required to register as sex offenders under the Act. By the time of Hevner's trial and sentencing the Legislature had amended the Act making it applicable to first time offenders. As applied to Hevner the Act violates the prohibition on ex post facto laws contained in the Indiana Constitution because it imposes burdens that have the effect of adding punishment beyond that which could have been imposed when the crime was committed.

In a related argument Hevner also complains that as a condition of probation the trial court entered an order prohibiting him "from living within one thousand (1,000) feet of a school . . . ." Pet. to Trans. at 7. According to Hevner, he "would not have been subject to that requirement but for the fact he is registered as a sex offender." Id.[3] We first observe the record is not entirely clear that the trial court imposed this restriction as a condition of probation. Although at the sentencing hearing counsel for Hevner made some reference to a 1,000 feet restriction, see e.g., Tr. at 310, when the trial court entered its written order of sentence no such restriction was included. See Br. of Appellant at 6-7. In any event assuming the trial court

---

[1] We observe that the Court of Appeals' memorandum decision in this case was issued one month before our opinion in Wallace. In its Response To Petition To Transfer, the State quotes Wallace extensively and concedes that at least four factors favor treating the effect of the Act as punitive when applied to Hevner: whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, and whether the behavior to which it applies is already a crime. See Resp. to Pet. to Trans. at 5-7. We appreciate the State's candor.

[2] There are exceptions to this rule; neither of which is applicable here. See Palmer v. State, 679 N.E.2d 887, 892 (Ind. 1997) (concerning ameliorative statutes, which are statutes that decrease the maximum penalty); Martin v. State, 774 N.E.2d 43, 44 (Ind. 2002) (discussing remedial statutes, and noting "remedial statutes will be applied retroactively to carry out their legislative purposes unless to do so violates a vested right or constitutional guarant[ee].").

[3] Ind. Code § 35-38-2-2.2 provides in relevant part, "As a condition of probation for a sex offender. . . the court shall: . . . (2) prohibit the sex offender from residing within one thousand (1,000) feet of school property . . . ."

imposed on Hevner a 1,000 feet residency restriction, on this record we cannot conclude the trial court erred. We have long recognized that a trial judge enjoys wide latitude in fashioning the terms of a defendant's probation. Bailey v. State, 717 N.E.2d 1, 4 (Ind. 1999) (citing State ex rel. Abel v. Vigo Cir. Ct., 462 N.E.2d 61, 63 (Ind. 1984)); see also Ind. Code § 35-38-2-2.3(a)(14) (providing that the court may impose any term of probation "reasonably related to the person's rehabilitation."). These provisions may include preventing a defendant convicted of a sex offense from residing in certain areas. Carswell v. State, 721 N.E.2d 1255, 1259 (Ind. Ct. App. 1999).

Because of the ex post facto provisions of the Indiana Constitution, the trial court may not order Hevner to register as a sex offender. And for the same reasons we discussed in State v. Pollard, Hevner is not subject to prosecution for violation of Ind. Code § 35-42-4-11, the residency restriction statute. Pollard, 908 N.E.2d 1145, 1154 (Ind. 2009) (noting that the defendant was charged and convicted for a crime qualifying him as an offender against children before the residency restriction statute was enacted and thus as applied violated the prohibition of the ex post facto laws contained in the Indiana Constitution). However, having been convicted of possession of child pornography, a sex offense at the time Hevner committed his crime, he is subject to conditions of probation that "have a reasonable relationship to the treatment of the accused and the protection of the public." Hale v. State, 888 N.E.2d 314, 319 (Ind. Ct. App. 2008), trans. denied. We cannot conclude that prohibiting Hevner from residing within 1,000 feet of school property is an unreasonable condition.

**Conclusion**

We reverse that portion of the trial court's sentencing order directing Hevner to register as a sex offender. This cause is remanded for further proceedings.

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.

6