**FOR PUBLICATION**

ATTORNEY FOR APPELLANT:

**RONALD K. SMITH**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana



FILED

Jul 17 2012, 9:07 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MARK GAITHER, | ) |
| | ) |
| Appellant-Plaintiff, | ) |
| | ) |
| vs. | )   No.  18A02-1111-MI-1073 |
| | ) |
| INDIANA DEPARTMENT OF CORRECTION, | ) |
| et al., | ) |
| | ) |
| Appellees-Defendants. | ) |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Marianne L. Vorhees, Judge
Cause No. 18C01-1008-MI-48

**July 17, 2012**

**OPINION – FOR PUBLICATION**

**BAKER, Judge**

In this case, the Plaintiff was convicted of two counts of child molesting. In 1999, the General Assembly enacted two statutes requiring that sex offenders on probation and/or parole be prohibited from living within 1,000 feet of a school. These statutes were enacted several years after the Plaintiff committed his offenses. Accordingly, Plaintiff contends that the residency restriction placed on him by the statutes violates the Ex Post Facto Clause contained in the Indiana Constitution.

Insofar as conditions of probation must reasonably relate to the offender's rehabilitation and the conditions of parole must reasonably relate to the person's successful reintegration into the community, the trial court and/or parole board could have imposed the residency restriction in the absence of the statutes. Consequently, the residency restriction placed on the Plaintiff presents no ex post facto issue.

Appellant-plaintiff Mark Gaither appeals the trial court's order on his Motion for Partial Summary Judgment, granting summary judgment in favor of appellees-defendants Indiana Department of Correction, et al. (DOC). Specifically, Gaither argues that the trial court erred by concluding that a probation rule prohibiting him from living within 1,000 feet of a school is permissible because the statute authorizing the rule was enacted several years after Gaither committed his offenses. Finding no error, we affirm the decision of the trial court.

FACTS

Between June 1, 1995, and August 6, 1996, Gaither committed the offenses of child molesting, and in August 2008, Gaither was convicted of class B felony child

molesting and class C felony child molesting and sentenced to ten years of incarceration, with four years suspended to probation. Gaither was released from incarceration and placed on parole and probation in April 2010. Gaither's probation term is for four years, but his parole term expired in July 2011.

As a condition of both probation and parole, Gaither was prohibited from residing within 1,000 feet of school property. Gaither owns property that is within 1,000 feet of Northside Middle School in Muncie and wishes to reside at this address. Gaither and his spouse have owned the property for over twenty years.

In August 2010, Gaither filed a complaint seeking, among other things, to have the trial court hold the residency restriction within Indiana Code section 35-42-4-11 unconstitutional as applied to him, and further enjoin the Parole Board and the Delaware County Probation Office from imposing any residency restrictions.

In February 2011, Gaither filed a motion for partial summary judgment on these claims. The DOC conceded that Indiana Code section 35-42-4-11, which imposes criminal penalties on certain sex offenders for violations of the statute, was unconstitutional as applied to Gaither based upon our Supreme Court's holding in Pollard v. State, 908 N.E.2d 1145 (Ind. 2009). The DOC, however, argued that the same was not true for the probation and parole conditions restricting Gaither's ability to reside within 1,000 feet of a school.

On April 28, 2011, the trial court held a hearing on Gaither's motion for partial summary judgment. Following the hearing, the trial court issued an order concluding that

Gaither could not be criminally prosecuted under Indiana Code section 35-42-4-11 for living within 1,000 feet of school property. Nevertheless, the trial court cited to our Supreme Court's decision in Hevner v. State, 919 N.E.2d 109 (Ind. 2010), for the proposition that trial courts enjoy a wide latitude in fashioning terms of a defendant's probation and that because the trial court could have imposed a residency restriction as a probation condition at the time Hevner committed the molesting offense, no ex post facto issue arose. The trial court analogized Hevner to the instant case and determined that "if Gaither had been arrested and prosecuted for these offenses in 1995 and 1996, the trial court judge at that time could have imposed these same residency restrictions on him as a probation condition." Appellant's App. p. 74.

Consequently, the trial court granted partial summary judgment in favor of Gaither, finding that the provisions of Indiana Code section 35-42-4-11 could not be enforced against Gaither based on his existing child molestation convictions. The trial court also granted partial summary judgment in favor of the DOC, finding that the condition of parole and probation restricting Gaither's ability to reside within 1,000 feet of school property while on parole and probation, could lawfully be imposed. On November 10, 2011, the trial court issued an order directing final judgment for the DOC. Gaither now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

Gaither appeals from the trial court's grant of summary judgment in favor of the DOC with respect to the residency restrictions imposed as a condition of parole and probation. Summary judgment is appropriate only where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Monroe Guar. Ins. Co. v. Magwerks Corp., 829 N.E.2d 968, 973 (Ind. 2005); Ind. Trial Rule 56(C). An appellate court applies the same standard as the trial court when reviewing a motion for summary judgment. First Farmers Bank & Trust Co. v. Whorley, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008). We view the designated evidence in the light most favorable to the nonmoving party. Id. at 608. Nevertheless, the party who lost a motion for summary judgment has the burden of persuading the appellate court that the trial court's decision was erroneous. Ind. Republican State Comm. v. Slaymaker, 614 N.E.2d 981, 983 (Ind. Ct. App. 1993).

### II. Mootness

As an initial matter, Gaither notes that his term of parole expired in July 2011 and seems to only challenge the remaining probation condition restricting his residency. Indeed, the parole condition limiting Gaither's residency no longer applies to him and is therefore moot.

Generally, an issue is moot and this Court lacks jurisdiction when no effective relief can be granted to the parties. Irwin R. Evens & Son, Inc. et al. v. Bd. of Indianpolis

5

Airport Authority et al., 584 N.E.2d 576, 581 (Ind. Ct. App. 1992). "However, even when the requested relief is unavailable, this court will review issues under an exception to the general rule when the case involves questions of great public importance." Id.

In this case, whether a residency restriction can be a condition of a convicted child molester's parole, when the statute authorizing the imposition of that condition was not in effect at the time he committed the offense is a question of great public importance. Furthermore, it is an issue that is capable of repetition but likely to evade review as defendants complete their parole before their cases ever reach the appellate court. See Horseman v. Keller, 841 N.E.2d 164, 170 (Ind. 2006) (reaching the merits of a moot elections issue because it was "capable of repetition, yet evading review"). Moreover, because parole and probation conditions are viewed similarly by the courts, judicial efficiency suggests that they be addressed together.

### III. Residency Restriction as a Condition of Probation and Parole

Gaither argues that a trial court may not impose a punitive condition of probation that is inconsistent with the ex post facto prohibition contained in the Indiana Constitution. Gaither maintains that the condition of his probation prohibiting him from living within 1,000 feet of a school, which prevents him from residing in the home he has owned for twenty-four years, violates this prohibition.

The Indiana Constitution provides that "[n]o ex post facto law . . . shall ever be passed." Ind. Const. art. 1, § 24. Our Supreme Court has stated that the "underlying purpose of the Ex Post Facto Clause is to give effect to the fundamental principle that

6

persons have a right to fair warning of that conduct which will give rise to criminal penalties." Hevner, 919 N.E.2d at 111.

As stated above, Gaither challenges a condition of his probation and parole. Probation is a criminal sanction where the convicted offender agrees to accept conditions upon his behavior in lieu of incarceration. Carswell v. State, 721 N.E.2d 1255, 1258 (Ind. Ct. App. 1999). A trial court has broad discretion to impose conditions of probation, with the only limitation being that the conditions have a reasonable relationship to the treatment of the accused and the protection of the public. Id. The reviewing court is limited to considering whether the conditions imposed by the court on the accused aid in the furtherance of the goal of "assuring that the probation serves as a period of genuine rehabilitation and that the community is not harmed by a probationer being at large." Fitzgerald v. State, 805 N.E.2d 857, 864 (Ind. Ct. App. 2004). We will not set aside terms of probation unless the trial court abused its discretion. Collins v. State, 911 N.E.2d 700, 707 (Ind. Ct. App. 2009).

Parole and probation conditions may be viewed together because "a person on probation occupies a status similar to that of a person on parole." Carswell, 721 N.E.2d at 1262. The Indiana Parole Board is given authority to impose conditions beyond the standard conditions for a person on parole if the conditions are reasonably related to the parolee's successful reintegration into the community and do not unduly restrict a fundamental right. Weiss v. Ind. Parole Bd., 838 N.E.2d 1048, 1051 (Ind. Ct. App. 2005). "[T]he only practical difference between the two is that 'probation' relates to

7

judicial action taken before the prison door is closed, whereas 'parole' relates to executive action taken after the door has closed on a convict." Carswell, 721 N.E.2d at 1262.

In Hevner, a convicted sex offender challenged his requirement to register as a sex offender on the basis that such a requirement was an ex post facto violation under the Indiana Constitution. 919 N.E.2d at 110. Our Supreme Court held that Hevner was not required to register as a sex offender and, for the same reason, could not be subject to prosecution for violating the statute that prevented him from residing within 1,000 feet from a school. Id. at 112-13.

Hevner also challenged the condition of his probation requiring that he not live within 1,000 feet of a school. Id. at 113. Our Supreme Court reached a different result on this issue, concluding that "having been convicted of . . . a sex offense at the time Hevner committed his crime, he is subject to conditions of probation that 'have a reasonable relationship to the treatment of the accused and protection of the public.'" Id. (quoting Hale v. State, 888 N.E.2d 314, 319 (Ind. Ct. App. 2008)).

Gaither attempts to distinguish Hevner on two grounds. The first one is somewhat convoluted; however, Gaither seems to argue that Carswell, a decision that the Hevner Court cited as support, was itself supported by a statute authorizing the probation rule. This statute was in effect when Hevner committed his offenses but not when Gaither committed his offenses. This argument is misplaced, inasmuch as the Hevner Court specifically held that because Hevner had been convicted of a sex offense, he was subject

8

to conditions of probation that were reasonably related to his treatment and protection of the public, which included being prohibited from residing within 1,000 feet of a school. Hevner, 919 N.E.2d at 113. Thus, this argument fails.

Gaither also attempts to distinguish Hevner by highlighting the fact that he owned his home before he committed his offenses. Accordingly, Gaither claims that his probation condition restricting his residency is unduly restrictive on his property interests in his home.

First, the Hevner Court made no distinction between ownership and mere residency, and the fact that an offender owns a home in which he is not allowed to reside during his term of probation or parole is immaterial in determining whether a condition of probation or parole is related to an offender's rehabilitation, while protecting the public.

Notwithstanding the above, when an offender claims that a probation condition is unduly intrusive on a constitutional right, the court must balance the following factors: (1) the purpose to be served by placing the offender on probation; (2) the extent to which constitutional rights enjoyed by law-abiding citizens should be afforded to those on probation; and (3) the legitimate needs of law enforcement. Fitzgerald, 805 N.E.2d at 865.

Carswell is instructive in balancing these factors in the instant case. Carswell argued that a condition of his probation forbidding him from living within two blocks of a school, playground, or any area where children congregate was an "exaggerated response" to the State's concerns. 721 N.E.2d at 1259. A panel of this Court disagreed,

9

concluding that "[t]his type of condition is a protective measure for children who go to such places and it will assist Carswell in his rehabilitation." Id. The panel reasoned that "[c]hild molesters molest children to whom they have access. . . . Conditions of probation that reduce the potential for access to children are reasonable." Id.

Moreover, probation conditions may impinge upon a probationer's right to exercise an otherwise constitutionally protected right. Purdy v. State, 708 N.E.2d 20, 22 (Ind. Ct. App. 1999) (stating that "probationers simply do not enjoy the freedoms to which ordinary citizens are entitled").

Here, Gaither is a convicted child molester. Although limiting Gaither's residency will not limit his access to all children, it will certainly reduce such access. And home ownership does not determine whether a condition restricting residency is permissible. Rather, to be permissible, the condition restricting residency must be reasonably related to the offender's rehabilitation. And as discussed above, Indiana courts have held that prohibiting a sex offender from living within 1000 feet of a school as a condition of probation is reasonably related to the offender's rehabilitation and is permissible. Consequently, Gaither's argument fails, and we affirm the decision of the trial court.

The judgment of the trial court is affirmed.

KIRSCH, J., and BROWN, J., concur.