# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MARIELENA DUERRING**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Feb 28 2014, 9:03 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENNETH SEALES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1306-CR-218 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jerome Frese, Judge
Cause No.71D03-1107-MC-156

**February 28, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Kenneth Seales appeals the denial of his motion to remove him from the sex offender registry and his motion to correct error. As the additional registration requirements imposed on him after a 2006 change in the law do not amount to an impermissible *ex post facto* law, we affirm.

## FACTS AND PROCEDURAL HISTORY

Seales pled guilty in October 1998 to Class B felony child molesting[1] for an offense committed in 1996, and the court imposed a twenty-year sentence, with ten years suspended and six years on probation. When Seales committed the offense, the Indiana Sex Offender Registration Act required an offender to register for ten years from the date he was placed on probation. Ind. Code § 5-2-12-5 (1996).

In 2011, Seales brought a Verified Motion to Determine Sex Offender Registration Requirements and Remove Defendant from Registry. In that motion, Seales noted that, at the time of his conviction, the statute required him to register as a sex offender for ten years, but in 2006 the law was changed to require lifetime registration. That change, he asserted, was an impermissible *ex post facto* law. He asked the trial court to direct the State to remove him from the sex offender registry and to issue an order that he was not required to register. The trial court determined Seales must continue to register as a sexually violent predator for the rest of his life pursuant to Ind. Code § 11-8-8-19, denied his motion to be removed from the registry, and subsequently denied his motion to correct error.

---

[1] Ind. Code § 35-42-4-3.

**DISCUSSION AND DECISION**

In 1998 the Legislature created the status of "sexually violent predator," which is a person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly commit certain sex offenses. Ind. Code § 35-38-1-7.5. In 2007 it amended the statute to provide a person in Seales' position, *i.e.,* one who commits Class B felony child molesting and was released from incarceration, secure detention, probation, or parole for the offense after June 30, 1994, is a sexually violent predator "by operation of law." *Id*.; *Lemmon v. Harris*, 949 N.E.2d 803, 807 (Ind. 2011). Seales was therefore a sexually violent predator by operation of law because he was convicted of Class B felony child molesting and was released from incarceration after June 30, 1994. A sexually violent predator is required to register as a sex offender for life. Ind. Code § 11-8-8-19.

The Indiana Constitution provides that "[n]o *ex post facto* law ... shall ever be passed." Ind. Const. art. I, § 24. The *ex post facto* clause forbids laws imposing punishment for an act that was not otherwise punishable when it was committed or imposing additional punishment for an act then proscribed. *Lemmon*, 949 N.E.2d at 809. A law is *ex post facto* if it substantially disadvantages a defendant because it increases his punishment or deprives him of some defense or lesser punishment that was available at the time of the crime. *Id*. Underlying the *ex post facto* clause is the desire to give people fair warning of the conduct that will give rise to criminal penalties. *Id*.

In evaluating *ex post facto* claims under the Indiana Constitution, we apply the "intent-effects" test. *Id*. at 810. We first determine whether the Legislature meant the Act to

establish civil proceedings. *Id.* If instead its intention was to impose punishment, then the inquiry ends. *Id.* If the Legislature intended a nonpunitive regulatory scheme, then we must examine the Act's effects to determine whether they are in fact so punitive as to transform the regulatory scheme into a criminal penalty; if so, then retroactive application of the law violates the *ex post facto* clause. *Id.*

In *Lemmon*, our Indiana Supreme Court determined imposition of a lifetime reporting requirement on someone who had previously been subject to only a ten-year requirement was not an *ex post facto* law. Seales distinguishes *Lemmon*, noting his original registration requirement was imposed by the 1996 version of the Act, while Harris' registration requirement in *Lemmon* was imposed under the 1998 version. Both required registration for ten years, but our Supreme Court noted in *Gonzalez v. State*, 980 N.E.2d 312, 319 (Ind. 2013), that the two versions otherwise differed in significant ways:

> [A]t the time [Gonzalez] committed his crime in 1996, the Act was less restrictive than it was at the time of Jensen's crime in 1998.[2] In 1996, limited information was available on offenders, the verification process was minimal, and the availability of information to the public was limited. Amendments to the Act in 1998 imposed heavy restraints on offenders related to notification requirements and verification of the disclosed information. *Wallace* [*v. State,* 905 N.E.2d 371, 375–76 (Ind. 2009), *reh'g denied*] (noting that the 1998 amendments require disclosure of an offender's fingerprints, photograph, address, complete criminal history, and information concerning treatment of mental disorders, and that the 1998 amendments require local law enforcement to verify the offender's current residence by mailing a form to the offender once per year, which the offender must return in person).

*Id.* (footnote added).

---

[2] *Jensen v. State,* 905 N.E.2d 384 (Ind. 2009).

Gonzalez, like Seales, had originally been required to register for ten years, and during that ten-year period the Act was amended to require lifetime registration. Our Supreme Court held the *ex post facto* clause of the Indiana Constitution prohibited retroactive application of the lifetime registration requirement.[3] The *Gonzalez* facts are similar in most respects to those in the case before us. However, because of one significant distinction, we cannot reach the same result.

Under the first prong of the "intent-effects" test, we determine what type of scheme the Legislature intended the statute to establish. *Id.* at 316. If the Legislature's intention was to impose punishment, the inquiry ends and there is an *ex post facto* violation. *Id.* If, however, the Legislature's intention was regulatory or civil in nature, then we move to the second prong of the inquiry to determine whether the effects of the statute are so punitive as to transform the regulatory scheme into a criminal penalty. *Id.*

The *Gonzalez* Court first noted it is difficult to determine Legislative intent, as there is no available Legislative history and the Act does not contain a purpose statement. It therefore relied on the principle that every statute is "clothed with the presumption of constitutionality until that presumption is clearly overcome by a contrary showing." *Id.* Gonzalez put forth no evidence of punitive intent on the part of the legislature with respect to the 2006 amendments to the Act, nor has Seales. Therefore, as did the *Gonzalez* Court, we must assume without deciding the Legislature's intent was to create a civil, non-punitive, regulatory scheme. *Id.* at 316-17.

---

[3] The State does not address, or even acknowledge, the *Gonzalez* decision.

Second, we consider whether the effects of the Act, as applied to Seales, are so punitive in nature as to amount to a criminal penalty. *See id.* at 317. We consider seven factors: [1] whether the sanction involves an affirmative disability or restraint, [2] whether it has historically been regarded as a punishment, [3] whether it comes into play only on a finding of *scienter*, [4] whether its operation will promote the traditional aims of punishment, *i.e.*, retribution and deterrence, [5] whether the behavior to which it applies is already a crime, [6] whether an alternative purpose to which it may rationally be connected is assignable for it, and [7] whether it appears excessive in relation to the alternative purpose assigned. *Id.* No one factor is determinative. *Id.*

As for the first factor, the *Gonzalez* Court noted "the Act imposes significant affirmative obligations and a severe stigma on those to whom it applies." *Id.* The defendant must provide a wide array of personal information that is made public, he must register in person with local law enforcement and have his photograph taken annually, he must re-register on changes in residential or employment status, and he must carry valid identification at all times, among other requirements. *Id.* The *Gonzalez* Court found "extension of such intrusive registration obligations to a lifetime requirement is an additional affirmative restraint which weighs in favor of treating the effects of the Act as punitive." *Id.* Seales is burdened by the same obligations and experiences the same stigma.

The *Gonzalez* Court found the next factor, whether the sanction has historically been regarded as a punishment, also weighed in favor of punitive treatment. *Id.* at 318. It noted the dissemination and widespread availability of offenders' personal information has been

6

found to resemble the historical punishment of "shaming," and by extending the duration of the registration requirement from ten years to life, the Act has the effect of increasing shame on the defendant. *Id*. at 317-18. That factor weighs the same way for Seales.

The third factor is whether the statute comes into play only on a finding of *scienter*. *Id.* We focus on whether the sanction is linked to a showing of *mens rea*; if it is, it is more likely to be considered punishment. *Id*. Seales' conviction of child molesting, like Gonzalez's conviction of child solicitation, was a prerequisite for registration, and both offenses require a showing of *mens rea. See*, *e.g.*, *Cardwell v. State*, 516 N.E.2d 1083, 1086 (Ind. Ct. App. 1987) (regardless of the fact that there is no specific mention of any criminal intent or *mens rea* in the relevant portion of the child molesting statute, *mens rea* is an element of the crime of child molesting), *reh'g denied, trans. denied*. Therefore, this factor weighs in favor of treating the effect on Seales as punitive.

The fourth factor considers whether the statute's operation will promote the traditional aims of punishment, *i.e.*, retribution and deterrence; the more the Act promotes these traditional aims of punishment, the more likely it is to be punitive. *Id*. The *Gonzalez* Court found this factor weighs in favor of treating the effects of the Act as non-punitive. *Id*. It noted lifetime registration has a likely deterrent effect and promotes community condemnation of offenders, but "it also serves a valid regulatory function by providing the public with information related to community safety." *Id*. That factor weighs the same way in Seales' case.

The fifth factor is whether the behavior to which the statute applies is already a crime.

7

Gonzalez's offense, child solicitation, was already a registration-triggering offense at the time of commission, as was Seales' offense. *Id.* The *Gonzalez* Court noted prior decisions weighed this factor in favor of treating the enhanced registration period as non-punitive as applied, and it declined to depart from that precedent. *Id.* at 318-19. So do we.

Under the sixth factor, we determine whether an alternative purpose to which the statute may rationally be connected is assignable for it. *Id.* at 319. The *Gonzalez* Court noted the Act advances the legitimate regulatory purpose of protecting the public from repeat sexual crime offenders, so that factor has been consistently treated as non-punitive. *Id.* That factor therefore weighs in favor of treating the effects of the Act in the case before us as non-punitive.

It is with the seventh factor, whether the statute appears excessive in relation to the alternative purpose assigned, that our facts diverge significantly from those in *Gonzalez*, where the Court noted "previous cases have reached differing results based on the outcome of this final factor." *Id.* There, the seventh factor was found to be punitive for a defendant convicted and released before passage of the Act in 1994. *Id.* (citing *Wallace*, 905 N.E.2d at 384). In *Wallace*, it was significant that "the Act provide[d] no mechanism by which a registered sex offender can petition the court for relief from the obligation of continued registration and disclosure. Offenders cannot shorten their registration or notification period, even on the clearest proof of rehabilitation." *Wallace,* 905 N.E.2d at 384.

The effects of the Act were seen differently in *Jensen*, where such a mechanism was in place. The *Jensen* Court noted that the 2006 amendments had changed nothing but the

8

duration of Jensen's disclosure requirements, and Jensen, unlike Wallace, was able to petition the court after ten years for reconsideration of his status as a sexually violent predator.[4]  In that situation the seventh factor weighed in favor of non-punitive treatment.  905 N.E.2d at 394.  Gonzales, unlike Jensen and Seales, was not a sexually violent predator.  He never had a hearing to determine his status as a sexually violent predator, nor had he committed a qualifying offense.  Rather, his lifetime registration requirement arose under a different statute due to the nature of his offense and the fact that, when committed, Gonzales was at least eighteen years old and the victim less than twelve years old.  Because he was not a sexually violent predator, Gonzalez "had no available channel through which he could petition the trial court for review of his future dangerousness or complete rehabilitation."  *Gonzalez*, 980 N.E.2d at 320.

The *Gonzalez* Court noted the seventh factor:

> requires that we consider whether the retroactive application appears excessive *in relation to the alternative purpose assigned*.  The alternative purpose is protection of the public from repeat sexual crime offenders.  The degree to which a prior offender has been rehabilitated and does not present a risk to the public is thus integral to our evaluation of whether an extension of the ten-year registration requirement is reasonable in relation to such public protection.  The availability of meaningful review of an offender's future dangerousness is therefore germane to the determination of whether a statute's effects are excessive.

---

[4] Such a mechanism is also available to Seales.  Ind. Code § 35-38-1-7.5 provides a person who is a sexually violent predator may petition the court to consider whether the person should no longer be considered a sexually violent predator.  A court may dismiss such a petition or conduct a hearing to determine if the person should no longer be considered a sexually violent predator.  *Id*.  If it conducts a hearing, the court must appoint two psychologists or psychiatrists who have expertise in criminal behavioral disorders to evaluate the person and testify at the hearing.  *Id*.  After conducting the hearing and considering the testimony of the two psychologists or psychiatrists, the court is to determine whether the person should no longer be considered a sexually violent predator.  *Id.*

*Id.* Gonzalez, because he was not a sexually violent predator, had no avenues of relief that "relate[d] to an offender's future dangerousness in relation to the alternative purpose assigned, protection of the public" *id.* at 321, and could not "predicate his request for relief on the grounds that he has been rehabilitated and presents no risk to the public." *Id.* Therefore, "the retroactive imposition of a lifetime registration requirement appears excessive in relation to the purpose of protecting the public from repeat sexual crime offenders. For these reasons, we find this seventh factor weighs slightly in favor of treating the enhanced registration period as punitive rather than non-punitive." *Id.*

As Seales, like Jensen, has available to him avenues of relief related to his future dangerousness "in relation to the alternative purpose assigned, protection of the public," *id.* at 321, we find the seventh factor weighs in favor of treating the lifetime registration requirement as non-punitive, and we therefore cannot say it was error for the trial court to deny Seales' petition to be removed from the sex offender registry.

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.