## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 05 2015, 6:44 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Alvino Pizano
Hobart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kathy Bradley
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alvino Pizano,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 5, 2015<br><br>Court of Appeals Case No.<br>45A05-1406-CR-277<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Salvador Vasquez, Judge.<br><br>Cause No. 45G01-0505-FC-66 |

**Mathias, Judge.**

[1] Alvino Pizano, Jr. ("Pizano") appeals the Lake Superior Court's denial of his Motion to Remove Sexually Violent Predator Designation and Motion to Remove Parole Special Stipulations numbers 1, 5, and 10.

We affirm.

# Facts and Procedural History

In May 2005, Pizano was charged with Class A felony child molesting and Class C felony child molesting. In November 2006, Pizano was charged with Class C felony child molesting and Class D felony neglect of a dependent. In April 2007, Pizano agreed to plead guilty to an amended charge of Class B felony child molesting and Class D felony neglect of a dependent. The State also agreed to dismiss the remaining charges.

Pizano was sentenced to an aggregate twelve year sentence in the Department of Correction: consecutive terms of ten years for the Class B felony child molesting conviction and two years for the Class D felony neglect of a dependent conviction. In the sentencing order, the trial court noted that Pizano is required to register as a sex offender. Appellant's App. p. 26.

In February 2014, the Department of Correction notified Pizano that he was required to register as a sexually violent predator pursuant to Indiana Code section 35-42-4-3. On March 22, 2014, Pizano was released on parole, and shortly thereafter, he signed "Parole Stipulations for Sex Offenders." Pizano initialed each stipulation, including numbers 1, 5, and 10, which provide as follows:

> 1. You shall enroll in, actively participate in and successfully complete an approved sex offender treatment program. You must maintain steady and program acceptable progress toward all treatment goals and

may not change treatment providers without prior approval of your parole agent. Prompt payment of any fees is your responsibility.

5. You must not reside, visit or be within one thousand (1,000) feet of public parks with playgrounds, pools, rides, and/or nature trails; schools, day care centers, public swimming pools, public beaches, theaters, or similar locations where children are reasonably expected to gather or congregate, without the express prior written approval of you parole agent.

10. You shall not use any computer or electronic communication device with internet connection with access to any "online computer service" at any location (including place of employment) without the prior approval of your parole agent. This includes any internet service provider, bulletin board system, e-mail system or any other public or private computer network.

Appellant's App. pp. 33-34.

[6] Despite this agreement, on March 31, 2014, Pizano filed a motion challenging his designation as a sexually violent predator and argued that the designation violated his due process rights and the Ex Post Facto Clause. Pizano also argued that Stipulations numbers 1 and 5 violated his due process rights. He also filed a second motion arguing that Stipulation number 10 is unconstitutionally overbroad. The trial court denied Pizano's motions on May 30, 2014. Pizano now appeals.

## I. Sexually Violent Predator Designation

[7] Pizano argues that under Indiana Code section 35-38-1-7.5, the trial court was required to designate him as a sexually violent predator at his sentencing

hearing.[1] He further argues that designating him as such without a hearing violated his due process rights. Indiana Code section 35-38-1-7.5(d) provides that "[a]t the sentencing hearing, the court shall indicate on the record whether the person has been convicted of an offense that makes the person a sexually violent predator under subsection (b)."

[8]  An individual who commits an offense listed in section 35-38-1-7.5(b) is a sexually violent predator. The statute was amended effective May 10, 2007, (shortly after Pizano was sentenced) and mandates that a person is a sexually violent predator "by operation of law" if the individual committed a section 35-38-1-7.5(b) offense and he or she was released from incarceration, secure detention, or probation for that offense after June 30, 1994.

[9]  By virtue of his 2007 conviction for Class B felony child molesting, Pizano is a sexually violent predator by operation of law and is required to register for life under Indiana Code section 35-38-1-7.5(b). Therefore, Pizano's claim that he is improperly designated as a sexually violent predator because the trial court did not designate him as such at his sentencing hearing is without merit.[2] *See Lemmon v. Harris*, 949 N.E.2d 803, 808-09 (Ind. 2011) (stating "under the 2007 Amendment, the Legislature had changed the Act from requiring the court to determine SVP status at the sentencing hearing to the 'automatic designation of SVP status.'" At the time Harris was released from prison in December 2007,

---

[1] As we stated in our Facts section, the trial court classified Pizano as a "sex offender" at sentencing.

[2] For this same reason, we reject Pizano's less than cogent claim that the State is "time barred by Estoppel by Laches to designate Pizano a Sexually Violent Predator." *See* Appellant's Br. at 8.

the sentencing court was no longer required to have 'determined' a person's SVP status"). To the extent Pizano's argument could be considered an ex post facto claim, it is waived for failure make to a cogent argument and to cite to relevant authority.[3] *See Harris v. State*, 985 N.E.2d 767, 783 (Ind. Ct. App. 2013), *trans. denied*.

## II. Parole Stipulations

[10]     The Parole Board has almost absolute discretion in carrying out its duties, and it is not subject to the supervision or control of the Courts.[4] *White v. Ind. Parole Bd.*, 713 N.E.2d 327, 328 (Ind. Ct. App. 1999), *trans. denied*. In addition, there is no constitutional or inherent right to release on parole. *Id*. Therefore, we limit our review of the Parole Board's decision to whether "'the requirements of Due Process have been met and that the Parole Board has acted within the scope of its powers.'" *Id*. (quoting *Murphy v. Ind. Parole Bd.*, 272 Ind. 200, 204, 397 N.E.2d 259, 261 (Ind. 1979)).

---

[3] Waiver notwithstanding, Pizano's designation as a sexually violent predator does not violate Indiana's Ex Post Fact Clause. Our courts have reached the same result in numerous cases involving similar circumstances. *See e.g. Lemmon v. Harris*, 949 N.E.2d 803, 813 (Ind. 2011); *Jensen v. State*, 905 N.E.2d 384, 394 (Ind. 2009); *Seales v. State*, 4 N.E.3d 821, 827 (Ind. Ct. App. 2014), *trans. denied*; *Hollen v. State*, 994 N.E.2d 1166, 1175 (Ind. Ct. App. 2013); *Harlan v. State*, 971 N.E.2d 163, 169 (Ind. Ct. App. 2012).

[4] Pizano's argument throughout his brief that his due process rights have been violated because the parole stipulations were not imposed at his sentencing hearing lacks merit. Unlike conditions of probation, conditions of parole "are a function of the executive (i.e., the Parole Board, in imposing given conditions and probation officers in enforcing them) and the legislature (i.e., the General Assembly's codification of statutes governing what those conditions may be), and must be carried out when an offender has completed a shortened portion of an imposed sentence." *Bleeke v. Lemmon*, 6 N.E.3d 907, 918 (Ind. 2014). *See also Gaither v. Ind. Dep't of Correction*, 971 N.E.2d 690, 694 (Ind. Ct. App. 2012) (quoting *Carswell v. State*, 721 N.E.2d 1255, 1258 (Ind. Ct. App. 1999) ("[T]he only practical difference between the two is that 'probation' relates to judicial action taken before the prison door is closed, whereas 'parole' relates to executive action taken after the door has closed on a convict").

[11]     A prisoner is released on parole only upon agreement to certain conditions.

*Harris v. State*, 836 N.E.2d 267, 272 (Ind. Ct. App. 2005), *trans. denied*.

> The Indiana Code provision governing the conditions of parole for parolees mandates certain conditions be assigned for sex offenders. *See* Ind. Code § 11-13-3-4(g)(2). It also lays out other conditions that may be assigned by the Parole Board. *See generally* Ind. Code § 11-13-3-4. And the provision also provides that "[t]he parole board may also adopt, under IC 4-22-2, additional conditions to remaining on parole and require a parolee to satisfy one (1) or more of these conditions." Ind. Code § 11-13-3-4(b). However, "[t]hese conditions must be reasonably related to the parolee's successful reintegration into the community and not unduly restrictive of a fundamental right." Ind. Code § 11-13-3-4(b).

*Bleeke v. Lemmon*, 6 N.E.3d 907, 917 (Ind. 2014).

[12]     Pizano also argues that subjecting him to Parole Stipulations numbers 1, 5, and 10 violates the Due Process Clause of the United States Constitution. We will address each stipulation in order.

*A. Stipulation Number 1*

[13]     Under Stipulation Number 1, Pizano is required to "enroll in, actively participate in and successfully complete an approved sex offender treatment program" and pay the fees for the program. Appellant's App. p. 33. The Parole Board is statutorily authorized to require sex offenders to participate in treatment programs. *See* Ind. Code § 11-13-3-4(g). Pizano objects to paying $40 per week for the treatment program and argues that "he has and is suffering a grievous loss." Appellant's Br. at 9.

Pizano's claim that he is required to pay $40 per week for the treatment program and that he does not have the ability to pay the program fee is not supported by any evidence in the record. Importantly, Pizano does not allege that the Parole Board has revoked or threatened to revoke his parole due to inability to pay the fee. *See* I.C. § 11-13-3-4(m) ("A parolee may be responsible for the reasonable expenses, as determined by the department, of the parolee's participation in a treatment or other program required as a condition of parole under this section. However, a person's parole may not be revoked solely on the basis of the person's inability to pay for a program required as a condition of parole under this section"). Therefore, Pizano has not proved a due process violation with regard to Stipulation Number 1.

*B. Stipulation Number 5*

Stipulation Number 5, the residency restriction, provides that Pizano is not allowed to reside within 1,000 feet of certain locations where children are normally present without the express prior written approval of his parole agent. Pizano argues that subjecting him to Parole Stipulation number 5 violates his due process rights. He makes this argument without citation to authority or cogent argument. He has therefore waived appellate review of this claim. *See* Ind. Appellate Rule 46(A)(8)(a); Smith v. State, 822 N.E.2d 193-202-03 (Ind. Ct. App. 2005), *trans. denied*. Moreover, restricting Pizano's access to children is reasonably related to his successful reintegration into the community.

*C. Stipulation Number 10*

[16] Stipulation Number 10 limits Pizano's internet and computer access and specifically states:

> You shall not use any computer or electronic communication device with internet connection with access to any "online computer service" at any location (including place of employment) without the prior approval of your parole agent. This includes any internet service provider, bulletin board system, e-mail system or any other public or private computer network.

Appellant's App. p. 34. Pizano argues that the stipulation is unconstitutionally overbroad because he did not use the internet to commit his offense, and it "denies him the fundamental right to online educational pursuits." Appellant's Br. at 9.

[17] This same stipulation was unsuccessfully challenged in *Harris*. There, we explained that limiting the sex offender's Internet access:

> is reasonably related to his successful reintegration into the community. By imposing the restriction on Harris's use of the Internet, the Board was legitimately concerned that a released child molester's unfettered access to a computer might result in additional criminal conduct. This is so because the Internet, or Cyberspace, defies boundaries and offers unlimited access to people, including children. This access is often subtle to children—as it comes in the form of friendship or, in Harris's case, prospective employment—and undetected by parents. Restricting a child molester's access to this communication medium, therefore, serves to protect the public and to prevent future criminal activity.

836 N.E.2d at 275 (internal citation omitted). *See also* I.C. 11-13-3-4(g)(2)(F)(i) (granting the Parole Board authority to prohibit a sex offender from "(i)

accessing or using certain web sites, chat rooms, or instant messaging programs frequented by children; and (ii) deleting, erasing, or tampering with information on the sex offender's personal computer with intent to conceal an activity prohibited by item (i)).

[18] Pizano is not completely prohibited from using the internet; he may do so if he receives prior approval from his parole agent. Also, Pizano does not allege that his parole agent refuses to grant him permission to use the internet for educational purposes.

[19] For all of these reasons, we conclude that the restrictions in Stipulation Number 10 are reasonably related to the goal of reintegrating Pizano into his community, protecting the public, and preventing future crime. Therefore, the restrictions do not unduly infringe on Pizano's fundamental rights. *See Harris*, 836 N.E.2d at 276.

## Conclusion

[20] We affirm the trial court's denial of Pizano's Motion to Remove Sexually Violent Predator Designation and Motion to Remove Parole Special Stipulations numbers 1, 5, and 10.

[21] Affirmed.

Crone, J., and Pyle, J., concur.