WIGGINS, Justice (dissenting).
I feel compelled to write on the ex post facto issue. Normally, I would concur in the majority decision because we decided in State v. Seering that requiring a person to register on the sex offender registry is not punitive and, thus, the Ex Post Facto Clauses of the Iowa and Federal Constitutions have no applicability to an ex post facto challenge. 701 N.W.2d 655, 669 (Iowa 2005), superseded by statute on other grounds , 2009 Iowa Acts ch. 119, § 3 (codified at Iowa Code § 692A.103 (Supp. 2009) ), as recognized in In re T.H. , 913 N.W.2d 578, 587-88 (Iowa 2018). Stare decisis is a venerable doctrine lending stability to the law. Kiesau v. Bantz , 686 N.W.2d 164, 173 (Iowa 2004), overruled on other grounds by Alcala v. Marriott Int'l, Inc. , 880 N.W.2d 699, 708 n.3 (Iowa 2016). However, stare decisis does not prevent us from reconsidering our past judicial decisions when error is manifest. Id. Moreover, we should not deprive a litigant of a legal right or defense if our past decision is clearly erroneous. Id. I would find our prior decision in Seering clearly erroneous for two reasons.
First, our decision in In re T.H. held that sex offender registration requirements for juvenile offenders are punitive. 913 N.W.2d at 596. As the dissenters in In re T.H. pointed out, one of whom is the writer of the majority decision in this case, there are "no cases supporting a constitutional distinction between registration of adult sex offenders and registration of juvenile sex offenders." Id. at 607 (Mansfield, *255 J., concurring in part and dissenting in part). I agree with that statement, and if the registration requirements for juvenile sex offenders are punitive, the registration requirements for adult sex offenders are just as punitive. It is disingenuous to decide otherwise.
Second, since our decision in Seering , many courts have examined this issue and have found the registration requirements for adult sex offenders are punitive. See, e.g. , Doe v. State , 189 P.3d 999, 1017-18 (Alaska 2008) ; Hevner v. State , 919 N.E.2d 109, 112-13 (Ind. 2010) ; State v. Letalien , 985 A.2d 4, 26 (Me. 2009) ; Doe v. Dep't of Pub. Safety & Corr. Servs. , 430 Md. 535, 62 A.3d 123, 140 (2013) ; State v. Simnick , 279 Neb. 499, 779 N.W.2d 335, 342 (2010) ; Starkey v. Okla. Dep't of Corr. , 305 P.3d 1004, 1030 (Okla. 2013) ; Commonwealth v. Muniz , 640 Pa. 699, 164 A.3d 1189, 1218, 1223 (2017) (plurality opinion), cert. denied , --- U.S. ----, 138 S.Ct. 925, 925, 200 L.Ed.2d 213 (2018). Therefore, the reasons set forth in my separate opinion in Seering are as applicable today as they were when I wrote them. See 701 N.W.2d at 671-72 (Wiggins, J., concurring in part and dissenting in part).
Accordingly, I would find the registration requirements for adult sex offenders are punitive and violate the Ex Post Facto Clauses of the Iowa and Federal Constitutions as applied to Lloyd Aschbrenner.
Appel, J., joins this dissent.