**Roger L. HALE, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A02–0709–CR–813.**

Court of Appeals of Indiana.

June 13, 2008.

---

Stan G. Wyrick, Public Defender's Office, Muncie, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Pursuant to a plea agreement, Roger L. Hale, Jr. pled guilty to causing death while operating a motor vehicle with an alcohol concentration equivalent ("ACE") of at

least. 15,[1] as a Class B felony. The trial court sentenced him to twenty years, with ten years executed and ten years suspended to probation. As a term of probation, the trial court also prohibited Hale from driving for ten years. On appeal, Hale raises the following two issues:

I. Whether his sentence was inappropriate in light of the nature of the offense and his character.

II. Whether the trial court abused its discretion in prohibiting Hale from operating a motor vehicle as a term of probation.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Hale and his girlfriend, Bonnie, had been involved in a relationship for approximately five years, and were the parents of a child. On December 23, 2006, the couple attended a Christmas party in Muncie, Indiana, during which Hale used marijuana and drank alcohol. After leaving the party, Hale drove, with Bonnie as his passenger, through residential areas of Muncie at speeds approaching eighty miles per hour. At some point, Hale crashed through a fence and struck a tree. Bonnie died at the scene of the accident.

On March 30, 2007, the State charged Hale with Count 1, causing death while operating a motor vehicle with a Schedule I or II controlled substance in the blood, a Class B felony; Count 2, causing death while operating a motor vehicle with an ACE of .15 or more, a Class B felony; and

Count 3, possession of marijuana as a Class A misdemeanor. At his initial hearing, Hale entered a plea of not guilty as to each count. Thereafter, on July 23, 2007, Hale entered a written plea of guilty to Count 2, and in exchange, the State agreed to dismiss Counts 1 and 3. *Appellant's App.* at 29–30. Hale's sentence was left to the discretion of the trial court, but his sentence was not to exceed ten years. Later, the plea agreement was modified in court to reflect that the sentence would not exceed ten years executed. *Tr.* at 28. Hale agreed that the trial court would determine the aggravating factors.

The trial court accepted Hale's plea, held a sentencing hearing, and sentenced Hale to twenty years, with ten years executed and ten years suspended to probation. As a term of his probation, Hale was ordered to refrain from operating any type of motor vehicle during his ten years of probation. Hale now appeals.

## DISCUSSION AND DECISION

### I. Appropriateness of Sentence

■ Hale first contends that his sentence is inappropriate. Specifically, he contends that based on the nature of the offense and his character he should have received a six-year sentence—the minimum mandatory sentence for a Class B felony.

In imposing the sentence, the trial court found as aggravating circumstances that: (1) Hale has "a long history of contact with the criminal justice system, dating back to 1998, consisting of a prior felony conviction

---

1. *See* IC 9–30–5–5, which in pertinent part provides:
   (b) A person at least twenty-one (21) years of age who causes the death of another person when operating a motor vehicle:
   (1) with an alcohol concentration equivalent to at least fifteen-hundredths (0.15) gram of alcohol per:

(A) one hundred (100) milliliters of the person's blood; or
(B) two hundred ten (210) liters of the person's breath; ... commits a Class B felony.

and five (5) misdemeanor convictions;" (2) of these five prior misdemeanors, three are for operating while intoxicated ("OWI"); (3) Hale was on probation out of the State of Florida at the time of this offense; and (4) he has been placed on probation at least four times in the past, which the court noted had "not been effective." *Appellant's App.* at 113. The trial court found as mitigating factors: (1) Hale entered a guilty plea and accepted responsibility for his actions; (2) he still enjoys family support, which should aid in his rehabilitation; (3) long-term incarceration will be a hardship on his child; and (4) he has attempted to maintain some employment to help meet his family responsibilities. *Id.* Prior to imposing Hale's sentence, the trial court made the following statement, "In imposing a sentence, the Court has considered [Hale's] past record, the fact [he] was on probation at the time of the offense, and a pattern of offenses regarding vehicle violations." *Id.* The trial court sentenced Hale to twenty years, of which ten years were suspended.

The legislature has established the parameters for all sentencing decisions. Each class of crimes sets forth punishment as a range of years with a stated advisory sentence. Recognizing that he was convicted of a Class B felony, Hale cites the pertinent language of IC 35–50–2–5: "A person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years." Hale acknowledges that his twenty-year sentence was authorized under IC 35–50–2–5, but argues it was inappropriate in light of the nature of the offense and his character.

Indiana Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Our Supreme Court has observed that the language of this rule was designed to place "central focus on the role of the trial judge, while reserving for the appellate court the chance to review the matter in a climate more distant from local clamor." *Serino v. State*, 798 N.E.2d 852, 856–57 (Ind.2003). However, the burden remains with the defendant to persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007) (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind.2006)).

In regard to the nature of the offense, the trial court noted that on the evening of December 23, 2006, Hale and Bonnie attended a Christmas party hosted by Bonnie's employer and stayed for four hours. During that time, Hale drank six to ten beers and smoked marijuana. *Tr.* at 63. He then got into his car with the intent of driving Bonnie from the Muncie party to her home in Hartford City. At his sentencing hearing, Hale testified that he could not remember getting into the car, and could not remember anything about driving through the residential streets of Muncie at speeds up to eighty miles per hour. Hale also did not remember crashing through a fence and into a tree, which resulted in Bonnie's death at the scene. A toxicology report prepared from a blood draw taken from Hale revealed that his ACE after the accident was .24. *Tr.* at 21.

While IC 9–30–5–5, in pertinent part, provides that a person who causes the death of another person by operating a motor vehicle with an ACE of .15 commits a Class B felony, here, Hale's ACE was .24—well over the amount contemplated to trigger the Class B felony sentencing range. Further, Hale tested "presumptive

positive for Opiates" and had varying levels of marijuana in his system. *Tr.* at 21. Additionally, Hale drove drunk in a residential part of Muncie, which increased the risk of an accident and potential harm to himself, to Bonnie and to the general public. The nature of the crime fails to persuade us that Hale's sentence was inappropriate.

As to his character, the trial court noted that Hale had a prior felony conviction and five prior misdemeanor convictions, three of which were for OWI. The first of these offenses occurred in 1998, and the most recent offense had occurred in Florida just two months prior to the instant offense. On the night of the accident, Hale was on probation from his Florida conviction. *Tr.* at 61. The trial court recognized Hale's plea and his expression of remorse, the support of his family, the hardship incarceration would cause to his child, and that Hale had attempted to support his family. *Id.* at 66–67. Even so, the trial court commented on the fact that Hale had a felony conviction for dealing in marijuana, had a pattern of offenses regarding vehicle violations, including three prior OWI convictions, had "a total disregard for the safety of everybody that operates a motor vehicle in Delaware County," and had been unsuccessfully placed on probation at least four times. *Id.* at 67. In his plea, Hale agreed to serve no more than ten years executed. Hale's executed sentence is the advisory sentence for a Class B felony. Hale has not met his burden of proving that his sentence was inappropriate in light of the nature of the offense and his character.

## II. Terms of Probation

Hale next contends that the trial court abused its discretion when it improperly imposed a term of probation, namely that Hale "not … operate any type of a motor vehicle for his ten (10) years of probation." *Appellant's App.* at 114.

The language of the written plea agreement provided in pertinent part:

6. The parties agree that the Defendant shall receive the following sentence: Defendant's sentence would be left to the discretion of the Court, but such sentence would not exceed ten (10) years.

*Id.* at 30. During his sentencing hearing, the State made the following statement:

[W]e do have a written plea agreement that's before the Court for consideration in regard of this matter. I think it's by joint stipulation of the State and Defense that in number six (6) the paragraph would read: The Defendant's sentence would be left to the discretion of the Court but, and we would ask to be able to insert the phrase, *the executed portion of* such sentence would not exceed ten (10) years.

*Tr.* at 28 (emphasis added). The trial court clarified that this change meant, "in the event the Court chose to, Court could impose a sentence in excess of ten (10) years, but only ten (10) years would be executed." *Id.* The trial court asked Hale if he agreed with the change, to which Hale responded, "Yes, Sir." *Id.* at 29. Hale's agreement reflected his understanding that a sentence greater than ten years could be ordered and any sentence above ten years could be ordered served on probation with appropriate terms.

While not specified in the plea agreement, the above colloquy reveals Hale's understanding and agreement that the trial court had the authority and discretion to establish the terms of probation. *Cf. Freije v. State*, 709 N.E.2d 323, 324 (Ind.1999) (unless plea agreement specifically grants trial court discretion to impose conditions of probation, trial court may only impose those terms that do not materially add to

punitive obligation). At the sentencing hearing, Hale did not object to or contest any of the following conditions of probation—Hale must behave well, not further violate any law, report to the probation officer, refrain from using or possessing alcohol, and not drive a motor vehicle during the ten-year period of probation. *Tr.* at 68. By failing to object to the conditions of probation at the sentencing hearing, Hale failed to properly preserve this issue for appellate review. *Stott v. State,* 822 N.E.2d 176, 179 (Ind.Ct.App.2005).

■ Waiver notwithstanding, we address the issue of whether the trial court abused its discretion by prohibiting Hale from driving during his ten-year period of probation. IC 35–38–2–2.3(a) provides a list of twenty-two requirements that a trial court may impose as conditions of probation. Among these is the provision that a trial court may order a person to "[s]atisfy other conditions reasonably related to the person's rehabilitation." IC 35–38–2–2.3(a)(14).

■ This provision is consistent with the trial court's broad discretion " 'in imposing conditions of probation in order to create law-abiding citizens and to protect the community with the only limitation being that the conditions have a reasonable relationship to the treatment of the accused and the protection of the public.' " *Taylor v. State,* 820 N.E.2d 756, 760 (Ind. Ct.App.2005), *trans. denied* (quoting *Jones v. State,* 789 N.E.2d 1008, 1010 (Ind.Ct. App.2003), *trans. denied* ). Thus, as a result of this broad discretion, our review is essentially limited to determining whether the conditions placed upon the defendant are reasonably related to attaining these goals. *Bonner v. State,* 776 N.E.2d 1244, 1247 (Ind.Ct.App.2002), *trans. denied* (2003).

Hale admitted to being an alcoholic. *Tr.* at 8. The instant offense was Hale's fourth conviction for OWI, and he committed the offense while still on probation for an OWI committed in Florida. Neither Hale's status on probation nor his responsibility to drive the mother of his child were sufficient to deter him from drinking excessively and driving on the evening of December 23, 2006. Hale has repeatedly shown that he is unable to obey the traffic laws enacted to protect himself and the public. Here, the trial court did not suspend Hale's license for ten years, but instead has made a prohibition on driving as a condition of his probation. This condition seems reasonably related to both the treatment and rehabilitation of Hale and the protection of the public.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.