

**FILED**

Jul 09 2013, 6:26 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ADAM C. SQUILLER**
Squiller Law Office, P.C.
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WAYNE L. PATTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 17A05-1210-CR-538 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEKALB SUPERIOR COURT
The Honorable Kevin P. Wallace, Judge
Cause No. 17D01-1109-FD-144

**July 9, 2013**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

In this case, the appellant-defendant Wayne L. Patton challenges a certain condition of probation that the trial court imposed following his conviction for Child Seduction,[1] a class D felony. Patton contends that the condition prohibiting him from accessing various internet websites and computer programs in which children are likely to participate is "overly broad, excessively vague," and impermissibly impinges on his First Amendment rights under the United States Constitution. Appellant's Br. p. 4.

A trial court may impose conditions of probation that restrict a defendant's activities substantially beyond the ordinary restrictions that are imposed upon an individual. The condition that the trial court imposed upon Patton is reasonable and is neither overbroad nor excessively vague because the condition relates directly to preventing Patton from communicating with children on the internet. The condition also specifically informs Patton that he is prohibited from engaging in internet activity that is designed and known to be used by children. As a result, we decline to strike this condition of probation, and we affirm the judgment of the trial court.

FACTS

On June 9, 2011, Patton took his sixteen-year-old daughter, J.P., driving, so she could obtain practice hours toward obtaining her operator's license. At some point, Patton told J.P. to stop the van and get out. J.P. complied and Patton began to fondle J.P.'s breasts. Patton then told J.P. that they should try some "other [sexual] things," sometime. Tr. p. 152-53.

---

[1] Ind. Code § 35-42-4-7(k).

2

The next morning, J.P. reported the incident to Jessica, her mother. When Jessica confronted Patton about the incidents, Patton admitted that he had looked at J.P.'s breasts, but he claimed it was because she had asked him to examine a scab on one of them. After picking up J.P. and her other two children and driving them to her parents' home in Auburn, Jessica reported to the Auburn Police Department what J.P. had told her.

During an interview with police officers, Patton told Auburn Police Detective Phil Snover that J.P. had asked him to "look at something on her breast." Tr. p. 215. Although Patton admitted that he did so in "the back of the van," he denied that he had ever touched J.P. Id. The State subsequently charged Patton with class D felony child seduction. At trial, Patton denied touching J.P. and claimed that she "likes attention" and is "very imaginative." Id. at 223, 236, 240, 241. The jury found Patton guilty as charged.

The trial court subsequently sentenced Patton to one-and-one-half years of incarceration, with sixty days executed on weekends and the remainder suspended to probation. The trial court informed Patton that he was required to follow all of the special sex offender rules and register as a sex offender for a period of ten years. These conditions included the following:

> You are prohibited from accessing or using certain websites, chat rooms, or instant messaging programs frequented by children. You are prohibited from deleting, erasing, or tampering with information on your personal computer with intent to conceal an activity prohibited by this condition.[2]

---

[2] This is a required condition of probation under Indiana Code section 35-38-2-2.2(4).

3

Appellant's App. p. 69-71. Patton acknowledged this condition of probation, signed the form advising him of this condition at the sentencing hearing, and did not object. Patton now appeals.

DISCUSSION AND DECISION

Patton argues that the trial court's imposition of the child-related internet restrictions as a condition of his probation cannot stand. Patton contends that this condition is vague and "overbroad in that it unnecessarily prohibits a vast range of non-illicit conduct and could easily have been narrowly tailored to prevent the targeted activities." Appellant's Br. p. 4. In other words, Patton claims that the language of this particular condition of probation is vague and lacks specificity with regard to the particular websites and software that Patton should be prohibited from using.

In resolving this issue, we initially observe that a trial court has broad discretion in establishing conditions of probation to safeguard the general public and to create law-abiding citizens. Gordy v. State, 674 N.E.2d 190, 191 (Ind. Ct. App. 1991). Conditions of probation should effectuate the supervision required to achieve probation goals and, therefore, must be functionally and rationally related to the probationer's rehabilitative needs and to society's interests. McCloud v. State, 452 N.E.2d 1053, 1056 (Ind. Ct. App. 1983). We will not set aside terms of probation unless the trial court has abused its discretion. Whitener v. State, 982 N.E.2d 439, 446 (Ind. Ct. App. 2013), trans. denied. An abuse of discretion occurs when the decision is "clearly against the logic and effect of

4

the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." Id.

As noted above, Patton did not object at the sentencing hearing to the condition of probation, which stated that he was "prohibited from accessing or using certain websites, chat rooms, or instant messaging programs frequented by children." Tr. p. 307-37. Thus, Patton has waived the issue. See Hale v. State, 888 N.E.2d 314, 319 (Ind. Ct. App. 2008) (observing that by failing to object to the conditions of probation at the sentencing hearing, a defendant does not properly preserve the issue for appellate review). And arguments raised for the first time on appeal are waived. Stewart v. State, 945 N.E.2d 1277, 1288 (Ind. Ct. App. 2011), trans. denied.

Waiver notwithstanding, we note that Indiana Code section 35-38-2-2.2(4) provides that

> [a]s a condition of probation for a sex offender (as defined in IC 11-8-8-4.5), the court shall:
>
> > (4) prohibit the sex offender from
> >
> > > (A) Accessing or using certain websites, chat rooms, or instant messaging programs frequented by children; and
> > >
> > > (B) Deleting, erasing, or tampering with information on the sex offender's personal computer with intent to conceal an activity prohibited by clause (A).

Although Patton attacks the validity of this statute on constitutional grounds alleging that it unfairly impinges on his First Amendment rights, we note that First Amendment protections are not absolute. Indeed, some restrictions on speech are

5

consistent with First Amendment principles, especially in the context of conditions of probation. Braun v. Baldwin, 346 F.3d 761, 763 (7th Cir. 2003). More specifically, conditions of supervision may restrict a probationer's activities "substantially beyond the ordinary restrictions imposed by law on an individual citizen." Morrissey v. Brewer, 408 U.S. 471, 478 (1972).

When a defendant challenges a probationary condition because it allegedly unduly intrudes on a constitutional right, we evaluate that claim by balancing the following factors: 1) the purpose to be served by probation; 2) the extent to which constitutional rights enjoyed by law-abiding citizens should be enjoyed by probationers; and 3) the legitimate needs of law enforcement. McVey v. State, 863 N.E.2d 434, 447 (Ind. Ct. App. 2007).

Although Patton relies on Doe v. Marion County Prosecutor, 705 F.3d 694, 703 (7th Cir. 2013), in support of his contention that his First Amendment rights were violated in light of this probation condition, we note that the United States Court of Appeals for the Seventh Circuit interpreted Indiana Code section 35-42-4-12, which prohibited certain sex offenders from "knowingly or intentionally us[ing]: a social networking website" or "an instant messaging or chat room program" that "the offender knows allows a person who is less than eighteen (18) years of age to access or use the website or program," and held that the statute was not "narrowly tailored" because the statute targeted substantially more activity than the evil it sought to address, which was illicit contact with minors. Id. at 699-701.

6

However, it was expressly acknowledged that this holding "should not be read to affect district courts' latitude in fashioning terms of supervised release, . . . or states from implementing similar solutions." Id. at 703. Indeed, the Doe Court recognized that a trial court might constitutionally limit a defendant's full access to the internet as a term of supervised release if such full access posed too high a risk of recidivism. Id.

In this case, Patton is a sex offender on supervised release that places him in a significantly different position than the class of sex offenders in Doe and renders the holding in that case inapplicable to him. Time and again, we have observed that conditions of probation may impinge upon a probationer's right to exercise an otherwise constitutionally protected right because "probationers simply do not enjoy the freedoms to which ordinary citizens are entitled. Purdy v. State, 708 N.E.2d 20, 22 (Ind. Ct. App. 1999).

Here, Patton's internet restriction specifically applies to websites that are "frequented by children." I.C. § 35-38-2-2.2(4). In our view, this internet restriction while Patton is on probation is reasonably and directly related to deterring Patton from having contact with children and to protecting the public. See United States v. Zinn, 321 F.3d 1084, 1093 (11th Cir. 2003) (recognizing that "the concomitant dangers of the internet and the need to protect both the public and sex offenders themselves from its potential abuses"). Also, Patton's internet restriction is tailored to him as a sex offender and serves the legitimate needs of law enforcement to monitor and restrict his activities with children for this initial period following his conviction.

On the other hand, we note that the internet restriction as applied to Patton does not prohibit him from searching for employment, gaining additional education, or reading a newspaper. The condition prohibits Patton from accessing only those internet-related activities used by children, which are directly related to his position as a sex offender on probation. See Harris v. State, 836 N.E.2d 267, 275 (Ind. Ct. App. 2005) (holding that an internet restriction on a parolee reasonably related to the State's goals of reintegrating the parolee into his community, protecting the general public, and preventing future crime does not unduly infringe upon the parolee's First Amendment rights).

Patton does not identify a single activity or other conduct that is prohibited by the probation condition but unrelated to seeking out inappropriate contact with minors. Therefore, Patton has failed to satisfy his burden of showing that this probation condition is overly broad as applied to him.

Additionally, we note that Patton has likewise failed to demonstrate that the probationary condition is unconstitutionally vague. Like statutes that define criminal offenses, the language in a probation condition must be such that it describes with "particularity and clarity" the misconduct that will result in penal consequences. Hunter v. State, 883 N.E.2d 1161, 1163-64 (Ind. 2008). The condition imposed upon Patton would be considered vague only if individuals of ordinary intelligence would not comprehend it to adequately inform them of the conduct to be proscribed. Smith v. State, 727 N.E.2d 763, 766 (Ind. Ct. App. 2000). The condition need only inform the individual of the generally proscribed conduct. Id. It need not list, with itemized exactitude, every

item of conduct that is prohibited. A defendant is not at liberty to devise hypothetical situations that might demonstrate vagueness. Id.

In our view, the language of the condition prohibiting Patton from "accessing or using certain websites, chat rooms, or instant messaging programs frequented by children" adequately informs him that he is prohibited from internet activity that would allow him to view communications between children and to communicate with them. Restricting a sex offender's access to the internet that "offers unlimited access to people, including children" serves to protect the public and to prevent future criminal activity. See Harris, 836 N.E.2d at 275 (finding a complete ban on internet use without the prior approval of the parole agent to not be vague).

We also note that there are a number of ways that Patton can learn which internet activities are permissible. Indeed, some websites require age verification for entry and/or clearly state the adult-based objective, which would not be frequently used by children. Chat rooms routinely define the group in its description, so Patton would know if it is a child-based means of communication. For instance, "Girls_Club299999" is a chat group for girls on Yahoo between the ages of six and nineteen, and ""Charhour.com" is a chat room for children under the age of thirteen. Additionally, social media sites such as Facebook expressly state the terms and conditions of use that demonstrate it is used by children thirteen to eighteen years old. Facebook, Statement of Rights and Responsibilities, Facebook.com/legal/terms (last updated Dec. 11, 2012) (requiring users to be thirteen years of age or older).

9

In our view, there is little risk as Patton navigates the internet that he would intentionally access a website or a chat room that permits communication with children without being on notice that the site permits that kind of activity. Also, there is no reason to believe that the probation condition at issue would be read to include inadvertent or incidental access onto a prohibited website or chat room. See Smith, 727 N.E.2d at 766 (excluding inadvertent or incidental contact with minors as a violation of the probationary condition that a person have no contact with minors).

Because the condition of probation in this case is specifically tailored to only those internet activities that are "frequented by children," Patton is provided with adequate notice that he would be in violation of his probation by accessing websites that are designed and known to be used by children for communication. Also, in light of the vast nature of the internet, it would be virtually impossible for the legislature to list each and every website, chat room, or instant messaging program that permits communication by and among children. In short, because the language of the probation condition afforded Patton a predictable standard and notice with regard to his internet usage during his probationary period, his constitutional claims fail, and we decline to set aside the condition of probation that relates to his internet usage.

The judgment of the trial court is affirmed.

MAY, J., and MATHIAS, J., concur.