# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 07 2017, 9:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Leroy Butler,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 7, 2017

Court of Appeals Case No.
73A01-1609-CR-2238

Appeal from the Shelby Superior Court

The Honorable R. Kent Apsley, Judge

Trial Court Cause No.
73D01-1508-F2-8

**Vaidik, Chief Judge.**

# Case Summary

After Leroy Butler was convicted of dealing in methamphetamine and maintaining a common nuisance, the trial court sentenced him to eighteen years in prison to be followed by a term of probation. On appeal, he argues that the probation condition that he not enter any establishment that sells alcohol is overbroad. We agree and remand for further proceedings.

# Facts and Procedural History

In August 2015, Butler was arrested and charged with three felonies: dealing in methamphetamine, possession of methamphetamine, and maintaining a common nuisance. Following a jury trial, Butler was found guilty on all three charges. At the sentencing hearing, Butler stated that he had a substance-abuse problem, which began when he started drinking alcohol. The trial court merged the possession and dealing charges and sentenced Butler to a total of twenty years, with eighteen years to be served in the Indiana Department of Correction and two years suspended to probation. Among the conditions for probation was the following: "You will not consume alcohol. You will not visit a bar, tavern, any place where alcoholic beverages are sold, bartered, or given away." Sent. Tr. p. 27. Butler appeals the imposition of that condition.

# Discussion and Decision

Butler argues that the probation condition regarding alcohol is unconstitutionally vague or overbroad. "Probation is a criminal sanction where

a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment." *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013), *trans. denied*. A trial court has broad discretion to impose conditions of probation. *Hevner v. State*, 919 N.E.2d 109, 113 (Ind. 2010). The court's discretion is limited by the principle that the conditions imposed on the defendant must be reasonably related to the treatment of the defendant and the protection of public safety. *Bratcher*, 999 N.E.2d at 873. We will not set aside conditions of probation unless the trial court abused its discretion. *Patton v. State*, 990 N.E.2d 511, 514 (Ind. Ct. App. 2013). When a defendant challenges the constitutionality of a probation condition, this Court evaluates that claim by balancing the following factors: "(1) the purpose to be served by probation, (2) the extent to which constitutional rights enjoyed by law-abiding citizens should be enjoyed by probationers, and (3) the legitimate needs of law enforcement." *Id.* at 515 (citing *McVey v. State*, 863 N.E.2d 434, 447 (Ind. Ct. App. 2007)).[1]

[4]     In *Collins v. State*, the defendant argued that his probation condition that restricted his access to businesses that sell sexual devices or aids was unconstitutionally vague or overbroad. We held that the condition restricted the defendant's ability to visit businesses like drug stores and was unfairly broad

---

[1] Butler also challenges the condition that he "not associate with any person of bad character or reputation. Anyone who's likely to influence you to commit a crime." Sent. Tr. p. 26. He argues that it is unconstitutionally vague or overbroad, but he fails to cite to any legal authority to support his argument. He also fails to provide an analysis under our law for determining whether this condition is unconstitutionally vague or overbroad. *See Patton*, 990 N.E.2d at 515. As such, he has waived this argument. *See* Ind. Appellate Rule 46(A)(8)(a).

in its application. 911 N.E.2d 700, 714 (Ind. Ct. App. 2009), *trans. denied*. Accordingly, we remanded for the trial court to provide clarification.

[5] Butler's challenged condition states, "You will not consume alcohol. You will not visit a bar, tavern, any place where alcoholic beverages are sold, bartered, or given away." Sent. Tr. p. 27. Following the same logic as *Collins*, we conclude that this probation condition is overbroad. While we agree with the trial court that prohibiting Butler from consuming alcohol is reasonably related to his rehabilitation, restricting Butler from entering **any** establishment where alcoholic beverages are sold would prevent him from entering a grocery store, convenience store, and drug store and is unfairly broad. Accordingly, we remand so that the condition may be revised to prevent Butler from entering establishments where alcohol is sold by the drink for consumption on the premises or the business' primary purpose is the sale of alcohol. This would permit Butler to enter grocery stores, drug stores, and convenience stores while still meeting the goals of probation. *See Waters v. State,* 65 N.E.3d 613 (Ind. Ct. App. 2016) (holding that probation conditions should be narrowly tailored to the rehabilitation of the defendant but still protect the public). The State concedes that this remedy is appropriate. *See* Appellee's Br. p. 12.

[6] Remanded with instructions.

Bailey, J., and Robb, J., concur.