## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 29 2017, 10:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bailey N. Blueher,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 29, 2017

Court of Appeals Case No.
84A01-1611-CR-2673

Appeal from the Vigo Superior
Court

The Honorable John T. Roach,
Judge

Trial Court Cause No.
84D01-1510-F6-2476
84D01-1511-F4-2585
84D01-1602-F6-304

**Barnes, Judge.**

## Case Summary

[1] Bailey Blueher appeals the trial court's decision to revoke his probation and impose the remainder of his previously-suspended sentence. We affirm.

## Issue

[2] The restated issue on appeal is whether the trial court abused its discretion when it revoked Blueher's probation and imposed the remainder of his sentence to be served in prison.

## Facts

[3] On October 13, 2015, Blueher was charged with Level 6 felony auto theft and Class B misdemeanor leaving the scene of an accident. On October 23, 2015, Blueher was charged with Level 4 felony burglary and Level 6 felony theft. On February 2, 2016, Blueher was charged with Level 6 felony receiving stolen auto parts and Level 6 felony theft.

[4] On May 24, 2016, Blueher pled guilty to two counts of Level 6 felony theft and one count of Level 6 felony auto theft, and the rest of the counts were dismissed. Pursuant to a plea agreement, the parties agreed to a seven-year sentencing cap. During the hearing, Blueher testified that his relationship with his family had become strained and that his mother had discontinued contact with him. Blueher also stated that he had problems with marijuana and alcohol and that he believed he would benefit from counseling. The trial court sentenced Blueher to one-and-one-half years for each count to be served consecutively, for a total sentence of four-and-one-half years, which the trial court suspended to probation. As a condition of probation, the trial court

required Blueher to enroll in and complete cognitive behavioral therapy. Blueher would also be required to complete frequent drug screens and report to his probation officer daily. In addition, the court required Blueher to seek out employment or vocational training and to receive treatment through certain medical providers. Blueher did not appeal or object to any of the conditions imposed.

[5] On June 2, 2016, the State filed a notice of violation of probation. During the disposition hearing, on July 6, 2016, Blueher admitted to violating probation. On July 13, 2016, the trial court found that Blueher had violated his probation and sentenced him to time served. Blueher was returned to probation.

[6] On August 1, 2016, the State filed a second notice of violation of probation, alleging that Blueher tested positive for marijuana, missed a drug screen, failed to call the UA line, failed to report daily to his probation officer, and failed to provide his probation officer with his address.

[7] A disposition hearing was held on September 20, 2016. During the hearing, Blueher admitted to the violations alleged in the State's notice. The trial court found that Blueher had violated his probation but ordered Blueher to be evaluated for work release and other community placement options. A sentencing hearing was held on October 19, 2016. During the hearing, the trial court received a report that Blueher did not qualify for community placement. The trial court stated that, "it had tried everything available … and [Blueher] had not made it work." Tr. Vol. III p. 9. The trial court imposed the remainder

of Blueher's previously-suspended sentenced to be served in the Department of Corrections ("DOC").

## Analysis

[8] Blueher argues that the trial court abused its discretion and imposed an inappropriate sentence, "by ordering conditions of probation that required [Blueher] to enroll or participate in programs which he could not pay for." Appellant's Br. p. 8. A trial court has broad discretion in establishing conditions of probation to safeguard the general public. *Patton v. State,* 990 N.E.2d 511, 514 (Ind. Ct. App. 2013). Conditions of probation should reflect the supervision required to achieve probation goals and must be functionally and rationally related to the probationer's needs and to society's interest. *Id.* We therefore review conditions of probation for an abuse of discretion. *Id.* An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstance before the court, or reasonable inferences to be drawn therefrom. *Id.*

[9] Blueher admits that he did not appeal the trial court's initial sentencing order and he did not object to or contest any of the conditions of probation imposed. By failing to object to the conditions of probation at the sentencing hearing, Blueher failed to properly preserve this issue for appellate review. *See Hale v. State,* 888 N.E.2d 314, 319 (Ind. Ct. App. 2008). Also, a party cannot collaterally challenge an original sentence in the context of probation revocation. *Johnson v. State,* 62 N.E.3d 1224, 1230 (Ind. Ct. App. 2016). Moreover, if Blueher's objection to the conditions of probation had not been

waived, the State charged him with a violation because he missed drug screens, tested positive for marijuana, and because he failed to report to his probation officer. The violations alleged did not include failure to enroll or participate in programs for which he could not pay.

[10] Blueher also erroneously relies on Indiana Appellate Rule 7(B), which gives this court the authority to revise a sentence imposed by the trial court if we find that it was inappropriate. *See Prewitt v. State,* 878 N.E.2d 184 (Ind. 2007) (holding that inappropriate sentence analysis is inapplicable in probation revocation cases). A trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Id.* at 188. When reviewing revocation of probation, this court only looks at the sentence imposed after revocation, and not the terms of the initial sentence. *See Johnson,* 62 N.E.3d at 1230. We therefore will only reverse if the trial court decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[11] Here, Blueher admitted to the violations of probation alleged in the State's notice, and violation of a single condition of probation is sufficient to revoke probation. *Richards v. State,* 890 N.E.2d 766, 768 (Ind. Ct. App. 2008). Blueher violated probation by testing positive for drugs, failing to report to his probation officer, and failing to submit to drug screens. The trial court has wide discretion in imposing a sentence after a violation of probation is found. Even though the trial court was not required to issue a detailed statement for the sanctions that it imposed, the transcript clearly indicates that the trial court did not have other placement options for Blueher, other than prison, because he did not qualify for

them.  In fact, the trial court stated that, "[Blueher] may turn around and be qualified for CTP back in Vigo County, and if that happens … I would only approve that."  Tr. Vol. III p. 9.  The trial court did not abuse its discretion by imposing the remainder of Blueher's previously suspended sentence.

## Conclusion

[12]   The trial court did not abuse its discretion by revoking Blueher's probation and imposing the remainder of his sentence to be served in prison.  We affirm.

[13]   Affirmed.

Baker, J., and Crone, J., concur.