# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2018, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ruth Johnson
Rory Gallagher
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andrew Kitt,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 30, 2018<br><br>Court of Appeals Case No.<br>49A02-1710-CR-2494<br><br>Appeal from the<br>Marion Superior Court<br><br>The Honorable<br>Helen W. Marchal, Judge<br><br>Trial Court Cause No.<br>49G15-1606-CM-25226 |

**Kirsch, Judge.**

Andrew Kitt ("Kitt") was found guilty after a bench trial of carrying a handgun without a license[1] as a Class A misdemeanor and was sentenced to 365 days with 305 days suspended to probation. Kitt raises the following restated issue on appeal: whether the trial court abused its discretion when it imposed random drug testing as a condition of his probation for a conviction of carrying a handgun without a license.

We affirm.

## Facts and Procedural History

On June 27-28, 2017, around midnight, Tom Crowe ("Crowe") and his girlfriend were in Crowe's apartment at the Autumn Woods Apartments complex in Indianapolis, Indiana when they heard multiple gunshots. Crowe looked out a window of the apartment while his girlfriend called 911. Crowe observed two young men in the street. Crowe saw that one man was holding a handgun and that the other man was making a gesture resembling a handgun and "actually mimic shooting the gun with his fingers towards the center part of that building." *Tr.* at 7. Crowe told his girlfriend, who was too frightened to come to the window, to hand him the phone, and he stayed on the line with 911 reporting the men's movements. Crowe then observed the two men walk

---

[1] *See* Ind. Code § 35-47-2-1.

toward the tennis courts and clubhouse before walking onto another street, where they entered a parked car.

[4] Indianapolis Metropolitan Police Department officers Joseph Douclef, Mike Williams, and David Hutson responded to the 911 call of shots-fired. After arriving at the apartment complex, the officers observed numerous people out on their balconies, and the officers proceeded to move through the apartment complex on foot, looking for the men. As the officers neared the area Crowe had stated the men were located, the officers saw a parked car with its lights on and two men inside. The officers approached the car and encountered Kitt and another man, later identified as Bailey Dunlap ("Dunlap"), sitting inside the car. Kitt was seated in the driver's seat while Dunlap, who was wearing a bandana pulled over his face, sat in the front passenger's seat.

[5] The officers noticed that the interior of the car smelled of the odor of an alcoholic beverage when Dunlap lowered the passenger-side window; an open bottle of Captain Morgan Rum was found outside the vehicle, near the car's right rear tire. Dunlap was apprehended after a struggle, during which he threatened to kill one of the officers. Kitt, who cooperated with the officers, was removed from the vehicle. The officers searched the car's interior and found a loaded 9-millimeter caliber handgun under Kitt's seat. Kitt later admitted to police that he had handled the handgun earlier in the evening. *Id.* at 84. He also claimed the handgun belonged to Dunlap. *Id.*

The State charged Kitt with carrying a handgun without a license as a Class A misdemeanor. Following a bench trial, Kitt was found guilty of the offense. When he committed this crime, Kitt was twenty-one-years old and was on probation in Vigo County for a conviction for maintaining a common nuisance. After his arrest for the instant offense, Kitt was charged with carrying a handgun without a license in Hamilton County; that charge had not been disposed of when Kitt was sentenced in this case. *Appellant's App. Vol. II* at 66-67; *Tr.* at 101. At sentencing, the trial court imposed a 365-day sentence, with 60 days executed on home detention, less credit for time served pending trial. *Tr.* at 108. The trial court ordered the remainder of Kitt's sentence to be suspended to probation, which included "standard conditions of probation." *Id.* The trial court advised Kitt that such conditions included random drug testing. *Id.* Kitt now appeals.

## Discussion and Decision

"'Probation is a criminal sanction where a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment.'" *Waters v. State*, 65 N.E.3d 613, 618 (Ind. Ct. App. 2016) (quoting *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013), *trans. denied*). A trial court has broad discretion to impose conditions of probation. *Id.* (citing *Hevner v. State*, 919 N.E.2d 109, 113 (Ind. 2010)). The trial court's discretion is "limited by the principle that the conditions imposed on the defendant must be reasonably related to the treatment of the defendant and the protection of public safety." *Id.* (citing *Bratcher*, 999 N.E.2d at 873). We will not set aside conditions of

probation unless the trial court abused its discretion. *Id.* "An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.*

[8] Kitt argues that the trial court abused its discretion when it imposed as a condition of his probation that he submit to random drug testing. He contends that, although the trial court may impose drug testing as a condition of probation, in the present case, it was unreasonable to impose such a search here because the drug testing interferes with his right to privacy and serves no rehabilitative purpose. Kitt asserts that imposing drug testing was an abuse of discretion because he was convicted of carrying a handgun without a license and not a substance offense, so the drug testing does not serve his rehabilitation or guarantee the protection of the public.

[9] Initially, we note that Kitt did not object to any of the conditions of probation at the trial court level. Thus, Kitt has waived the argument. *See Hale v. State*, 888 N.E.2d 314, 319 (Ind. Ct. App. 2008) (holding that by failing to object to the conditions of probation at the sentencing hearing, the defendant failed to preserve the issue for appellate review), *trans. denied*.

[10] Waiver notwithstanding, it was not an abuse of discretion for the trial court to impose as a condition of probation that Kitt submit to random drug testing. Pursuant to Indiana Code section 35-38-2-2.3, the trial court may require, as a condition of probation, that the probationer periodically undergo a laboratory

chemical test or a series of chemical tests to detect and confirm the presence of a controlled substance. Ind. Code § 35-38-2-2.3(20). Abstention from illegal-drug use is reasonably related to the general goals of rehabilitation served by conditional release. *Carswell v. State*, 721 N.E.2d 1255, 1264 (Ind. Ct. App. 1999). Drug "abuse is a pervasive and damaging force in our society, and presents a unique legal problem due to its psychological and physiological ramifications." *Id.* (quotations omitted). Using illegal drugs is a violation of the laws of Indiana, and the prohibition against committing new crimes is an automatic condition of probation by operation of law no matter the offense. *Id.* at 1264-65 (citing *Williams v. State*, 695 N.E.2d 1017, 1019 (Ind. Ct. App. 1998) (stating that "[t]he requirement that a probationer obey federal, state and local laws is automatically a condition of probation by operation of law")). Therefore, ensuring that probationers do not use illegal drugs and commit new crimes are valid goals of the rehabilitation served by probation. Accordingly, it follows that a requirement that Kitt submit to random drug testing to determine whether he is abstaining from illegal drug use is reasonable and a valid condition of probation. *See id.* at 1264 n.7 (holding that "the prohibition against using or possessing any illegal drugs or controlled substances is valid, as is the requirement that Carswell submit to . . . drug detection tests (including blood, urine, and hair analysis) to determine personal drug use . . . ."). We conclude that the trial court did not abuse its discretion when it imposed as a condition of his probation that Kitt submit to random drug testing.

Affirmed.

Baker, J., and Bradford, J., concur.